HARTZ, Circuit Judge,
concurring:
I fully join Judge Ebel’s opinion. I write separately only to point out that if the challenged documents had been properly offered for admission, the embedded-hearsay problem could have been avoided. Although the documents were not admissible as assertions that the e-mail address was Blechman’s, they were admissible to show that the e-mail address belonged to someone who claimed to be Blechman and provided his name and street address.
I recognize that almost 20 years ago in United States v. McIntyre, 997 F.2d 687 (10th Cir.1993), we rejected the view of the Second Circuit in United States v. Lieberman, 637 F.2d 95, 101 (1980), which upheld the admission of a hotel guest card for the nonhearsay purpose of showing that the person who registered used a particular name (not that the person who registered was the person named). We said that there was no distinction between (1) offering a motel registration card .to prove that the defendant herself checked into the hotel and (2) offering the card to prove that someone claiming to have the same name as the defendant checked into the motel. See McIntyre, 997 F.2d at 699 n. 9. Since then, we have explained our holding in McIntyre as based on a concern “that offering an asserted identity to prove that the named individual took the action in question, or merely to prove that someone claiming to be the named individual took the action in question, was simply an artificial, semantic distinction that factfinders would likely find indistinguishable.” United States v. Cestnik, 36 F.3d 904, 908 n. 3 (10th Cir.1994); see United States v. Moreno, 94 F.3d 1453, 1455 (10th Cir.1996).
In recent years, however, the public has been bombarded with tales of identity theft. What might have been a subtle distinction in decades past, is now almost a matter of common sense. Jurors would be likely to use the documents only for their proper nonhearsay purpose. They will know very well that someone other than Blechman may have opened an email account in Blechman’s name. They will want additional evidence before deciding that the person who opened the account was indeed Blechman. But when they make their decision, they should be permitted to consider the identification information used by whoever opened the account. Indeed, our opinion in this case recognizes that the presence of sufficient identifying information (the signature block on Blech-man’s e-mail, see Op. at 1068) would suggest that the person providing that information was the identified person. In sum, I do not think that a district court would be abusing its discretion in admitting such evidence for the nonhearsay purpose if it found that the likelihood of jury confusion was minimal.